UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SECURITIES AND EXCHANGE )
COMMISSION, )
                                                 Plaintiff, )
v. ) Case No. 11-CV-0211-CVE-PJC
BRIAN D. FOX, )
                                                 Defendant. )

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Final Judgment by Default against Defendant Brian D. Fox with Supporting Brief (Dkt. # 18). Plaintiff Securities and Exchange Commission (SEC) asks the Court to enter default judgment against defendant Brian D. Fox for disgorgement in the amount of $320,000, plus a third-tier civil fine of up to $320,000, and also asks the Court to impose various types of permanent injunctive relief against Fox. Fox has responded to the motion and argues that entry of default judgment would be improper when he is represented by counsel and intends to challenge the merits of the SEC's claims. Dkt. # 19. The SEC has filed a reply and asserts that entry of default judgment is appropriate due to Fox's dilatory tactics. Dkt. # 21

The SEC filed this case on April 8, 2011 alleging that Fox was the chairman, president, and chief executive officer of Powder River Petroleum International, Inc. (Powder River), and that he engaged in fraudulent accounting practices to inflate the value of the company. Dkt. # 2, at 1-3. The SEC claims that Fox received a $320,000 bonus from Powder River, and that this bonus was linked to the inflated and falsified value of Powder River. Id. at 17-18. Fox filed a pro se answer (Dkt. #

7) denying many of the factual allegations of the complaint and asserting affirmative defenses.[1] On July 21, 2011, the SEC filed an amended complaint (Dkt. # 9) adding at least one new claim against Fox. Fox retained an attorney to represent him in this case, but he did not answer the amended complaint. The SEC sent a proposed consent judgment to Fox's attorney and agreed to allow Fox or his attorney to inspect documents at the SEC's office in Fort Worth, Texas. Dkt. # 21-1, at 2; Dkt. # 21-2, at 2. Fox's attorney did not respond to the SEC's offer to enter a consent judgment and did not review any documents. The SEC filed a motion for entry of default against Fox, and the Court granted the motion. Dkt. ## 15, 16. After entry of Fox's default, the SEC notified Fox that it would allow Fox until November 1, 2011 to answer the amended complaint, but Fox did not file an answer. Dkt. # 21-2, at 2. The SEC filed a motion for default judgment, and Fox filed a timely response in opposition to the motion.

The Federal Rules of Civil Procedure authorize the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). The court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). "In deciding whether to set aside an entry of default,

---

[1] On October 16, 2011, the SEC sent an e-mail to Fox's attorney and claimed that it was prejudiced, in part, due to the "unintelligible" answer filed by Fox. Dkt. # 21-2, at 2. The Court has reviewed Fox's pro se answer and disagrees with the SEC's assessment. Although Fox raises certain factual issues that may not be relevant to the case, it is clear that he disputes essential factual allegations stated in the complaint and that he put the SEC on notice of his affirmative defenses.

2

courts may consider, among other things, ' whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Pinson v. Equifax Credit Information Servs., Inc., 316 Fed. Appx. 744 (10th Cir. Mar. 10, 2009) (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)).[2]  Default judgments are not favored, as the preferred practice is to decide cases on their merits.  Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).  The defaulting party has the burden to prove that the entry of default should be set aside.  Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 943 (10th Cir. 1987).

Fox asks the Court to deny the SEC's motion for default judgment, and he argues that the SEC has not been prejudiced by any delay.  He argues that he should be given an opportunity to conduct discovery and challenge the merits of the SEC's claims. Dkt. # 19, at 2.  He claims that his attorney has not been able to view relevant documents before drafting an answer, because the SEC seized defendant's documents before filing this case. Id.  He also argues that the SEC's possession of the relevant documents also shows that the SEC has not been prejudiced by any delay, because the SEC has all of the necessary information to prepare its case. Id. at 2-3.  The SEC responds that it agreed to an extension of time for Fox to answer the amended complaint, and that Fox failed to file an answer within the extended deadline.  The SEC also argues that it agreed to make documents available to Fox for inspection in Fort Worth, Texas, and that Fox failed to inspect any documents. Dkt. # 21, at 2.  The SEC also claims that Fox took no part in any settlement negotiations, and that

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

he did not respond to proposed consent judgment provided to him. While the SEC may be frustrated by the delay, it has not shown that it will be prejudiced in prosecuting its claims against Fox, and the Court finds that the SEC's motion for default judgment should be denied. Fox's attorney should have filed a timely answer to the amended complaint, regardless of the availability of documents, and specified in the answer if there are any factual issues that cannot be admitted or denied without further investigation. However, the SEC's offer to produce documents in Fort Worth, Texas shows that relevant documents are not readily available to Fox's attorney in Tulsa, Oklahoma. This also shows that Fox's attorney may have needed more information before giving his client meaningful advice as to whether to enter the proposed consent judgment. There is a strong preference for resolving cases on their merits, and Fox should be permitted to conduct discovery and assert any available defenses before the Court enters a substantial monetary judgment and imposes permanent injunctive relief against him. The Court will set aside the entry of default against Fox and allow the case to proceed. It is not necessary to enter an amended scheduling order, because the discovery cutoff is March 15, 2012 and the non-jury trial is set for July 9, 2012, and the parties should have sufficient time under the current scheduling order to complete pre-trial preparations. **The parties are also advised that the settlement conference remains set for January 19, 2012.**

      **IT IS THEREFORE ORDERED** that plaintiff's Motion for Final Judgment by Default against Defendant Brian D. Fox with Supporting Brief (Dkt. # 18) is **denied**.

      **IT IS FURTHER ORDERED** that the order (Dkt. # 16) granting plaintiff's motion for entry of default is **vacated**, and plaintiff's motion for entry of default (Dkt. # 15) is **denied**.

**IT IS FURTHER ORDERED** that defendant's answer to the amended complaint (Dkt. # 9) is due no later than **November 29, 2011**.  Failure to file an answer to the amended complaint may result in sanctions, including entry of default.

**DATED** this 22nd day of November, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT