**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-0211-CVE-PJC** |
| | ) | |
| **BRIAN D. FOX,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JUDGMENT

The Securities and Exchange Commission (Commission) has filed Plaintiff's Motion for Order of Disgorgement, Prejudgment Interest and Third-Tier Civil Penalties against Defendant Brian D. Fox and Brief in Support (Dkt. # 44) (the Motion). Fox previously consented to permanent injunctive relief and an officer-and-director bar, and the Court has found that Fox's consent is valid and enforceable and has granted the Motion. See Dkt. # 52.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances  u n d e r which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances  u n d e r which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

unless defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by knowingly or recklessly providing substantial assistance to any person or entity using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances  u n d e r  which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by knowingly falsifying books, records, or accounts, or knowingly circumventing or knowingly failing to implement a system of internal accounting controls with respect to an issuer subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2, by making or causing to be made a materially false or misleading statement to an accountant, or omitting to state or causing another person to omit to state any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:  (i) an audit, review or examination of the financial statements of an issuer required to be made under Commission rules, or (ii) the preparation or filing of any document or report required to be filed with the Commission; or directly or indirectly taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of financial statements required to be filed with the Commission, while he knew or should have known that such action(s), if successful, could result in rendering the financial statements materially misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14, by falsely certifying reports of issuers filed with the Commission.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Exchange Act Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13], which require issuers of securities registered under the Exchange Act to file with the Commission factually accurate quarterly and annual reports and reports on Form 8-K that, among other things, do not contain untrue statements of material fact or omit to state material information necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting i) any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], which requires issuers of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l] to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets, and ii) any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)], which requires issuers to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles and to maintain the accountability of assets, by  knowingly or recklessly providing substantial assistance to an issuer (i) in the issuer's failure to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions

of the assets of the issuer; and (ii) in the issuer's failure to devise and maintain a sufficient system of internal accounting controls.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant is liable for disgorgement of $320,000, representing profits gained as a result of the conduct alleged in the First Amended Complaint, together with prejudgment interest thereon in the amount of $59,841.38 from December 31, 2007 to October 31, 2011, plus interest accruing thereafter at the applicable quarterly interest rate from November 1, 2011 to this date, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this

Court, Brian D. Fox as a defendant in this action, and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant.  The Commission shall send the funds paid pursuant to this judgment to the United States Treasury.  Defendant shall pay postjudgment interest on all unpaid amounts at the rate of 0.19 percent per annum.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the consent (Dkt. # 40-1) is incorporated herein with the same force and effect as if fully set forth herein, and that defendant shall comply with all of the undertakings and agreements set forth therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**DATED** this 2nd day of November, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

7