UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-0211-CVE-PJC |
| BRIAN D. FOX, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Reconsider and/or Vacate Order Granting Summary Judgment Dated November 2, 2012; Motion for New Trial and/or Motion to Reconsider and Vacate and Brief in Support with Supporting Brief (Dkt. # 54). On November 2, 2012, the Court entered an opinion and order (Dkt. # 52) granting plaintiff's motion for entry of judgment based on defendant's consent, and entered judgment (Dkt. # 53) against defendant for monetary damages and injunctive relief. Defendant argues that the Court erred when it found that his consent to entry of judgment was valid, and he renews his challenge to the facts stated in plaintiff's amended complaint.

On April 8, 2011, plaintiff Securities and Exchange Commission (SEC) filed this case against Brian D. Fox alleging six claims under the Securities and Exchange Act of 1934 (Exchange Act), and plaintiff subsequently filed an amended complaint (Dkt. # 9) adding a seventh claim under the Exchange Act. Fox retained an attorney, James Bryant, to represent him. Dkt. # 11. Fox did not file an answer or other responsive pleading to the amended complaint. Plaintiff filed a motion for entry of default (Dkt. # 15) against Fox, and the motion was granted. Plaintiff sought a default judgment against Fox. Fox filed a response in opposition to the motion for default judgment, and

he requested an extension of time to file an answer to the amended complaint. Dkt. # 19. The Court denied plaintiff's motion for default judgment, and Fox was permitted to file an answer. Dkt. # 22. Fox appeared for his deposition on June 20, 2012 and, according to plaintiff, the "first half of the deposition had gone poorly for Fox." Dkt. # 48, at 2. Bryant asked plaintiff's counsel to adjourn the deposition while he consulted with his client, and plaintiff's counsel presented Fox with a consent form and a proposed judgment. After meeting with his attorney for an hour and a half, Fox signed the consent form before a notary public and he agreed to the entry of the proposed judgment. By signing the consent form, Fox agreed to the entry of a judgment awarding plaintiff disgorgement and a civil penalty in an amount to be determined by the Court, and he waived the right to challenge the factual allegations of the amended complaint. Dkt. # 40-1.

Plaintiff filed an "unopposed" motion for entry of the proposed judgment. Dkt. # 40. The Court reviewed the proposed judgment and found that it did not state the amount of disgorgement or the civil penalty that defendant would be required to pay. Dkt. # 41. The Court directed the parties to submit an amended proposed judgment or advise the Court if additional briefing as to the amount of disgorgement and civil penalty would be necessary. Plaintiff's counsel was unable to contact defense counsel concerning the preparation of an amended proposed judgment, and the Court entered a briefing schedule on the issue of disgorgement. Dkt. # 43. Plaintiff filed a brief asking the Court to order disgorgement in the amount of $320,000, plus $59,841.38 in prejudgment interest, and to impose a third-tier civil penalty. Fox filed a pro se response stating that he believed he had agreed to the entry of a judgment that did not include any monetary relief, and he claimed that his attorney failed to advise him that he would be required to pay disgorgement and a civil penalty if he signed the consent form. Dkt. # 46, at 2. He also argued that he was unaware that he

waived his right to challenge the allegations of the amended complaint by signing the consent form. Id.

On November 2, 2012, the Court entered an opinion and order (Dkt. # 52) granting plaintiff's motion for entry of judgment. The Court found that defendant was "bound by the terms of the consent form, and that he may not challenge the facts alleged in the first amended complaint or [plaintiff's] right to seek monetary relief." Dkt. # 52, at 6. The judgment included various types of injunctive relief and, in particular, Fox was enjoined form serving as an "officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]." Dkt. # 53, at 6. In addition to injunctive relief, the Court ordered Fox to pay disgorgement in the amount of $320,000, plus prejudgment interest of $59,841.38, and a civil penalty of $100,000.

Defendant asks the Court to reconsider its decision to grant plaintiff's motion for entry of judgment, because the judgment is based on "bogus statements" contained in the amended complaint. Dkt. # 54, at 4. Defendant's motion was filed within 28 days of the entry of judgment, and the Court will treat defendant's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court finds that defendant has not presented a valid basis for the Court to reconsider its November 2, 2012 opinion and order (Dkt. # 52) or the judgment (Dkt. # 53), and his motion should be denied. Defendant simply reasserts arguments that have already been considered and rejected, but the Court has no obligation to consider such arguments when ruling on a Rule 59(e) motion. See Servants of the Paracletes, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The vast majority of defendant's motion is a challenge to the facts alleged in the amended complaint. However, defendant signed a consent form waiving any right to challenge the allegations of the amended complaint, and the Court found that the consent form was valid and enforceable. Dkt. # 52, at 5-6. Defendant again argues that he did not understand the consent form and that the form was not adequately explained to him by his attorney. Dkt. # 54, at 6-7. The Court previously found that "defendant had ample time to read the consent form and he was represented by counsel at [his] deposition," and he made no allegations that the consent form was invalid due to fraud or misconduct on the part of plaintiff's counsel. Dkt. # 52, at 5. Defendant has offered no new evidence or legal argument that would cause the Court to reconsider its prior decision that defendant knowingly and voluntarily signed the consent form, and defendant is bound by the terms

4

of the consent form. Thus, defendant waived the right to challenge the allegations of the amended complaint, and the Court will not consider defendant's challenge to those allegations. The Court has reviewed defendant's motion and can discern no other arguments, and his motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider and/or Vacate Order Granting Summary Judgment Dated November 2, 2012; Motion for New Trial and/or Motion to Reconsider and Vacate and Brief in Support with Supporting Brief (Dkt. # 54) is **denied**.

**DATED** this 2nd day of January, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE